Per Curiam.

This is an action by a store owner on a mercantile open stock burglary policy which indemnified for loss occasioned by burglary when the premises were not open for business. There was a special exclusionary clause as to furs, that the company shall not be liable for loss occasioned by their being stolen ‘‘ from within a show window in the premises by a person who has broken the glass thereof from outside the premises.” Plaintiff operated a retail fur store and displayed for public view certain fur garments placed on manikins on raised platforms extending from two front windows a distance of about 9 to 12 feet into the interior of the store. It claimed that when the store was closed at 9:00 p.m., the furs were taken from the front and placed toward the rear portion of those platforms. Its position was that they were not then “ within a show window,” being physically out of reach and beyond the space encompassed by the front window and an adjoining small side window. The court below submitted the issue to the jury as one of fact and a verdict for plaintiff resulted.
On plaintiff’s own proof there was no issue for determination by a jury. The only question was one of law, i.e., the interpretation of the exclusionary clause. It is not ambiguous and must be held to represent a deliberate and special exclusion from coverage under this form of policy of furs stolen after closing hours by means of the breaking of the glass of a show window if those furs are permitted to remain on any platform or other clearly demarcated area allocated by the store for display to the public through such a show window. The evident purpose underlying this exclusion is that the store owner shall not offer the incentive of an easy haul to burglars by leaving-furs after closing hours within easy and visible access through a show window conducive to the quick get away necessary in a burglary accomplished by breaking the glass from outside the premises. Here spotlights played on all portions of the raised platform for hours after the closing of the store. It is clear that it was intended to have the public look at them through *403 the show windows. If plaintiff desired to keep these furs insured under the terms of this policy, it was required to remove them entirely from this platform and place them in the interior of the store. No logical or practical distinction can be drawn between different show window areas embraceable in the phrase “ from within a show window.” "Whatever space is segregated by the store and allocated to the purpose of displaying furs for public view through a show window must be deemed included within that phrase. Accordingly, furs on any part of these raised platforms come within the exclusionary clause, and plaintiff’s complaint should have been dismissed by the court upon defendant’s motion at the close of the evidence.
The judgment should be reversed, with $30 costs, and complaint dismissed, with costs.
Hofstadter, Eder and Tilzer, JJ., concur.
Judgment reversed, etc.